**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5012**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOHN ALBERT THOMPSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:01-cr-00084-MR-1; 3:01-cr-00135-MR-2; 3:10-cr-00187-MR-1)

Submitted:  April 28, 2011          Decided:  May 19, 2011

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer Coulter, COULTER & THOMPSON, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Albert Thompson appeals the sentence he received after the district court revoked his supervised release. Thompson admitted four charged violations at the revocation hearing. The district court imposed a sentence of nine months' imprisonment to be followed by a new twenty-seven-month term of supervised release. Thompson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Thompson was informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

First, Thompson argues that the district court erred in finding that revocation was mandatory. Under 18 U.S.C. § 3583(g) (2006), revocation of supervised release is mandatory when a defendant on supervised release possesses a firearm or a controlled substance or refuses to comply with drug testing. Thompson admitted that he failed to comply with drug testing. Although the district court could have revoked Thompson's supervised release on this basis earlier, the fact that the court instead continued Thompson on supervised release with modifications, as requested by the probation officer, does not establish that the court had discretion to ignore § 3583(g)'s requirement for mandatory revocation when the probation officer

2

petitioned the court for revocation. The court did not err in finding that revocation was mandatory.

Next, Thompson argues that his nine-month sentence was an abuse of discretion and that the court erred in not considering a sentence below the range. Generally, we will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). The nine-month sentence was within the Chapter 7 Guidelines range and is thus presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Thompson has not rebutted the presumption. The court had authority to impose a new term of supervised release under § 3583(h) as long as the new term did not exceed thirty-six months less the nine-month term of imprisonment imposed upon revocation. The court complied with this requirement.

Accordingly, we affirm the sentence imposed by the district court. In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. This court requires that counsel inform Thompson, in writing, of his right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on Thompson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED